UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

TRACEY ALVERNON BROOKS,
　　　　　*Defendant-Appellant.*

No. 01-4720

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-64)

Submitted: March 21, 2002

Decided: March 29, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tracey Alvernon Brooks was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000). The district court determined that Brooks was an armed career criminal and sentenced him to the mandatory minimum sentence of 180 months imprisonment under 18 U.S.C.A. § 924(e) (West 2000). Brooks challenges his conviction and sentence. We affirm.

Brooks stipulated that he possessed a firearm on the date charged and that he was the person convicted of the predicate offenses alleged in the indictment. He argued that, under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the determination of whether his prior convictions were predicate offenses under § 924(e) was a factual matter that should be submitted to the jury and proved beyond a reasonable doubt. The district court denied his motion to that effect.* On appeal, Brooks renews his claim. We conclude that the district court ruled correctly. Contrary to Brooks' assertions, *Apprendi* did not overrule the holding of *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), that prior felony convictions which trigger an enhanced sentence are sentencing enhancements, rather than elements of the offense. *See United States v. Sterling*, ___ F.3d ___, 2002 WL 369969 (4th Cir. Mar. 8, 2002) (holding that *Apprendi* does not affect enhanced sentence under § 924(e)).

Brooks also argues that the district court clearly erred at sentencing

---

*Brooks wished to assert that he did not qualify for sentencing as an armed career criminal because his prior felony drug offenses were not "committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). Brooks had been convicted of drug offenses that occurred in January, March, and April of 1988. The test is whether sufficient time elapsed between the crimes for the defendant to "make a conscious and knowing decision to engage in another crime." *United States v. Letter-lough*, 63 F.3d 332, 337 (4th Cir. 1995) (finding that two drug sales that occurred on the same day a few hours apart were separate crimes, not one continuous criminal episode). Brooks' prior offenses clearly qualified as predicate offenses.

in finding that he had not accepted responsibility for his conduct, USSG § 3E1.1, because he had never denied that he possessed a firearm while a convicted felon. Brooks acknowledges that, despite its finding, the district court did not correct the probation officer's calculation, which included a reduction for acceptance of responsibility. He insists that resentencing is necessary, even though he received the benefit of the adjustment, because the district court's finding was in error.

While the adjustment generally does not apply to a defendant who denies his factual guilt and requires the government to prove his guilt at trial, in rare cases it may apply to a defendant who goes to trial to preserve issues unrelated to factual guilt. USSG § 3E1.1, comment. (n.2). The district court denied Brooks the adjustment because, during his trial, Brooks struck certain potential jurors and cross-examined two government witnesses. The court concluded that Brooks had pursued a trial strategy designed to put his firearm possession and conduct at arrest in a favorable light in hopes of obtaining a verdict contrary to the evidence. We cannot say that the district court clearly erred in reaching this conclusion. *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (stating standard of review).

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*